| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Leslie A Cohen<br>Leslie Cohen Law PC<br>506 Santa Monica Bl Ste 200<br>Santa Monica, CA 90401<br><br>310–394–5900<br><br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| In re:<br><br><br>AL Relays, LLC<br><br><br><br>Debtor(s). | CASE NO.:  2:15–bk–18869–BB<br><br>CHAPTER:  7<br><br>ADVERSARY NUMBER: 2:17–ap–01292–BB |
|---|---|
| Brad D. Krasnoff<br><br><br>Plaintiff(s)<br>Versus<br><br>DRI Relays, LLC<br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **07/03/2017.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Date:** | **August 1, 2017** |
| **Time:** | **02:00 PM** |
| **Hearing Judge:** | **Sheri Bluebond** |
| **Location:** | **255 E Temple St., Crtrm 1539, Los Angeles, CA 90012** |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*        Page 1        **F 7004–1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: June 2, 2017

By:     "s/" Wendy Ann Jackson

Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_December 2016_                          Page 2                          **F 7004–1.SUMMONS.ADV.PROC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐   Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| _____ | _____ | _____ |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                                                 **F 7004–1.SUMMONS.ADV.PROC**

1  LESLIE A. COHEN (CA Bar No. 93698)
   *leslie@lesliecohenlaw.com*
2  LESLIE COHEN LAW PC
   506 Santa Monica Blvd. Suite 200
3  Santa Monica, California 90401
   Telephone: (310) 394-5900
4  Facsimile: (310) 394-9280

5
   PAUL J. NAPOLI (NY Bar No. 2513141)
6  *pnapoli@napolilaw.com*
   NAPOLI SHKOLNIK PLLC
7  360 Lexington Avenue, 11th Floor
   New York, NY 10017
8  Telephone: (212) 397-1000
   Facsimile: (646) 843-7603
9

10  Special Counsel Attorneys for Brad D. Krasnoff, Chapter 7 Trustee

11          UNITED STATES BANKRUPTCY COURT

12          CENTRAL DISTRICT OF CALIFORNIA

13             LOS ANGELES DIVISION

14  | In re | Case No. 2:15-bk-18869-BB |

15  AL Relays, LLC,                    Chapter 7

16              Debtor.

17                                     **COMPLAINT TO:**

18  _____

19  Brad D. Krasnoff, Chapter 7 Trustee,   **(1) AVOID AND RECOVER
                                           FRAUDULENT TRANSFERS
20              Plaintiff.                 PURSUANT TO 11 U.S.C. §544,
                                           §§550(a)(1) and (2); and California Civil
21                                         Code §§ 3439, *et seq.*;

22              v.                         **(2)  FOR PRESERVATION OF
                                           AVOIDED TRANSFERS FOR THE
23                                         BENEFIT OF THE ESTATE
                                           PURSUANT TO 11 U.S.C. § 551;
24  DRI Relays Inc., a Delaware corporation,
                                           **(3) FOR DECLARATORY RELIEF
25              Defendant.                 REGARDING PROPERTY OF THE
                                           ESTATE PURSUANT TO 11 U.S.C.
26                                         § 541; AND

27                                         **(4) FOR TURNOVER OF PROPERTY
                                           THE ESTATE PURSUANT TO 11
28                                         U.S.C. § 542

1  **TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY**

2  **JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL OTHER**

3  **INTERESTED PARTIES:**

4         Plaintiff, Brad D. Krasnoff, Chapter 7 Trustee (the "Trustee"), acting on behalf of the estate

5  (the "Estate") of Debtor AL Relays, LLC (the "Debtor" or "AL Relays"), and special Litigation

6  Counsel Napoli Shkolnik PLLC ("Napoli Shkolnik") and Leslie Cohen Law, PC ("Leslie Cohen")

7  (collectively "Special Litigation Counsel") complaining of defendant DRI Relays Inc.

8  ("Defendant" or "DRI"), a Delaware corporation with its principal place of business in Hauppauge,

9  Suffolk County, New York, alleges as follows:

10                          **JURISDICTION AND VENUE**

11         1.      On or about June 3, 2015, (the "Petition Date"), Debtor filed a voluntary petition for

12  relief under Title 11, Chapter 7 of the United States Code (the "Bankruptcy Case"). The Debtor is

13  a California limited liability corporation. Brad D. Krasnoff was appointed as the Chapter 7 Trustee

14  for the Debtor's estate. On or about March 17, 2017, the Court approved the Trustee's Application

15  to Employ Special Litigation Counsel pursuant to 11 U.S.C. §327(c). (Doc. 136).

16         2.      This Court has jurisdiction under 28 U.S.C. §§ 157 and 1334(a) over the subject

17  matter of this proceeding because the claims asserted herein relate to a case pending under the

18  Bankruptcy Code for the Central District of California, Los Angeles Division (the "Bankruptcy

19  Court").

20         3.      This is a core proceeding under 28 U.S.C. § 157(b).

21         4.      Pursuant to 28 U.S.C. § 1409, venue is proper in the Central District of California,

22  Los Angeles Division because the Bankruptcy Case is pending in this district and division.

23         5.      Pursuant to 11 U.S.C. §§ 323, 541, 544, 548 and 549 the Trustee has standing to

24  bring this adversary proceeding on behalf of the Estate.

25                                  **PARTIES**

26         6.      Plaintiff is the duly appointed, qualified and acting Trustee for the above-captioned

27  bankruptcy Estate of Debtor AL Relays.

28

-2-
**COMPLAINT**

7.      The Trustee is informed and believes, and based thereon alleges, that the Debtor is a California corporation with its principal place of business in East Northport, Suffolk County, New York.

8.      The Trustee is informed and believes that the Defendant DRI Relays ("DRI") is a Delaware corporation with its principal place of business in Hauppauge, Suffolk County, New York.

**PREAMBLE**

9.      This complaint is based on the deceptive and fraudulent business practices of the Deutsch Defendants, all owned and operated by the Deutsch family out of California. Through a complex web of corporate restructuring, the Deutsch Company and Defendant DRI stripped the Debtor of all its assets except for the environmentally contaminated Site, which allowed for the continuous business operations of the Debtor without risk of environmental liability. The Water District Creditors and the public were caused to be exposed to toxic and contaminated water, victimized by Defendants fraudulent business practices, while the Deutsch Family and Defendant DRI continue to enjoy profits from the transfer.

**FACTUAL ALLEGATIONS**

10.     Because of the identical and misleading corporate nomenclature used by the Deutsch Defendants across multiple companies, an abbreviated timeline of events leading to this action and up to the filing of the motion papers is provided below to assist the Court and trace the Defendant's evasive actions to avoid environmental cleanup liability.

11.     **1938:** The Deutsch Group, also known as the Deutsch Company is founded by Alex Deutsch in California.

12.     **1972:** Deutsch Relays, Inc. (CA) is registered to do business in the State of New York. At all times relevant to this action, Deutsch Relays, Inc. (CA) owned and operated the facilities located at 65 Daly Road, East Northport, New York (the "Site").

**COMPLAINT**

13. **Dec. 1986:** New York State Department of Environmental Conservation ("NYSDEC") listed the Site, owned and operated by Deutsch Relays, Inc. (CA) as a Class 2 on the Registry of Inactive Hazardous Waste Sites list.

14. **12/29/1988:** Deutsch Relays, Inc. (DE), owned 100% by Compagnie Deutsch (a Deutsch Group subsidiary), is incorporated in Delaware immediately after the execution of the Sale of Assets Agreement (the "Agreement") between Deutsch Relays, Inc. (CA), Deutsch Relays, Inc. (DE), Compagnie Deutsch and Alex Deutsch.  Pursuant to the Agreement, Deutsch Relays, Inc. (DE) purchased all of Deutsch Relays, Inc. (CA)'s assets, with Deutsch Relays, Inc. (CA) retaining the contaminated Site and environmental liabilities, which were not assumed by the purchasing Delaware corporation.

15. **2/10/1989**: Deutsch Relays, Inc. (CA) changed its name to Deutsch AL.

16. **10/5/1989:** Deutsch AL entered into the Order on Consent with the NYSDEC, pursuant to which it agrees to clean up the Site.

17. **8/17/2006:** Deutsch AL changed its name to AL Relays, Inc., a California corporation.

18. **10/31/2006**: AL Relays, Inc. merged into AL Relays, LLC, also a California corporation.

19. **3/28/2008**: Deutsch Relays, Inc. (DE) changed its name to DRI Relays Inc. (DE), the Defendant.

20. **10/31/2014:** Water District Creditors filed a Complaint, naming AL Relays, Inc., AL Relays, LLC, and DRI Relays Inc. (DE) as Defendants in Suffolk County Supreme Court styled *Dix Hills Water District*, et al., *v. AL Relays, LLC*, Index No. 069243/2014.

21. **6/4/2015**: Debtor AL Relays, LLC filed for Chapter 7 Bankruptcy in California.

22. The Trustee is informed and believes that the Debtor was formerly known as Deutsch Relays, Inc., a California corporation ("Deutsch Relays (CA)") and Deutsch AL.

23.     The Trustee is informed and believes that Deutsch Relays (CA) was a corporation duly organized under the laws of the State of New York, and owned 65 Daly Road, East Northport, Suffolk County, New York (the "Site").

24.     The Trustee is informed and believes that Deutsch Relays (CA) changed its name to Deutsch AL on or about February 10, 1989.

25.     The Trustee is informed and believes that Deutsch AL changed its name to AL Relays Inc., on or about August 17, 2006.

26.     The Trustee is informed and believes that AL Relays, Inc. merged into Debtor AL Relays, LLC on or about October 31, 2006.

27.     The Trustee is informed and believes that Deutsch Relays (CA) was a supplier of relays, relay bases and electronic devices for military and aerospace applications.

28.     The New York State Department of Environmental Conservations ("DEC") determined that Deutsch Relays (CA), and Defendant DRI's predecessor, was the direct and sole cause of the release of the Contaminants into the groundwater.

29.     Deutsch Relays (CA)'s successor, Debtor AL Relays, LLC, has refused to carry-out its legal obligations to remediate the Contamination.

30.     The Trustee is informed and believes that Defendant DRI was formerly known as Deutsch Relays, Inc., a Delaware corporation ("Deutsch Relays (DE)"), and changed its name to DRI Relays Inc. on or about March 28, 2008.

## A.     SALE OF ASSETS BY DEUTSCH RELAYS (CA)

31.     The Trustee is informed and believes that Deutsch Relays (DE), the predecessor of Defendant DRI purchased all assets of Deutsch Relays (CA), a California Corporation, on or about December 29, 1988, pursuant to a Sale of Assets Agreement (the "Agreement").

32.     The Agreement was privately held up until July 21, 2015, when Defendant DRI first attached the Agreement as an exhibit to their Motion to Dismiss the Water District Creditors' Complaint in Suffolk County Supreme Court.

33.     The Trustee is informed and believes that Deutsch Relays (DE) acquired both the tangible and intangible assets of Deutsch Relays (CA) in the 1988 Agreement, including all equipment, inventory, patents, tradename, and good will (the "Transfer Assets").

34.     The Trustee is informed and believes Deutsch Relays (CA) was left with the environmental liability at the Site, with no viable assets to address the required remediation.

35.     The Trustee is informed and believes less than two months after the Agreement, Deutsch Relays (CA) changed its name to Deutsch AL, the predecessor of Debtor.

36.     The Trustee is informed and believes On October 5, 1989, Deutsch AL entered into an Order on Consent with DEC.

37.     The Trustee is informed and believes that Deutsch Relays (CA) and Deutsch Relays (DE) quickly entered into the Agreement to separate viable and profitable assets from the environmental liabilities at the Site, so as to divert DEC's and other creditors' attention away from the real culprit – Deutsch Relays (DE), now Defendant DRI, and its corporate affiliates, the same owners who owned and continue to own Deutsch Relays (CA).

38.     Deutsch Relays (DE) was authorized to do business in the State of New York and conducted business at the Site.

39.     Deutsch Relays (DE) changed its name to Defendant DRI Relays, Inc., on or about March 28, 2008.

40.     Defendant DRI conducted the same relay manufacturing and supplying services as Deutsch Relays (CA), and later Debtor, at the Site.

**B.    RELEVANT TERMS OF THE SALE OF ASSETS AGREEMENT**

41.    Pursuant to the Agreement, Deutsch Relays (DE) purchased all of Deutsch Relays (CA)'s business generating assets, including, but not limited to: equipment, inventory, accounts receivables, patents, trademarks, and other intellectual property rights, including Deutsch Relays (CA)'s customer lists.  Specifically, the Agreement provided for the transfer of the following assets:

> Accounts Receivable, Current Assets, Designated Agreements, Equipment, Inventories, Other Assets, Construction in Progress and all other assets to be sold, transferred, conveyed, assigned and delivered to [Deutsch Relays, Inc. (DE)] at the Closing Date pursuant to the provisions of Section 1.02 [Transfer of Assets; Assumption of Liabilities], but shall not include the Real Estate.

42.    The Agreement further defines the term 'Other Assets' to include:

> [A]ll intangible personal property of the Seller, including, without limitation, its patents, trademarks and all other names and marks used or usable by the Seller in connection with its business, including, without limitation, all of its customer lists…

43.    The Agreement however, specifically excluded environmental liability associated with the discharge of chemicals at the Site by Deutsch Relays (CA).

> … the Seller [Deutsch Relays, Inc. (CA)] shall… remain responsible [for] any and all losses, claims, costs, damages and deficiencies arising out of (i) any environmental matters resulting from the operations of the Seller prior to the Closing, including, without limitation, the construction, installation, operation and maintenance of the Equipment and the Real Estate.

44.    Deutsch Relays (DE) purchased all of Deutsch Relays (CA)'s assets while leaving the environmental liability at the Site with Deutsch Relays (CA), and no viable assets to remediate the contamination.  The Site itself, which at the time of the Agreement was determined to be the sole source of the contamination, was excluded from the transfer of assets.

**C.    RELATIONSHIP BETWEEN THE DEFENDANT AND DEBTOR**

45.    The Deutsch Group, also known as the Deutsch Company, was founded by Alex Deutsch in California in 1938.

46.     The Trustee is informed and believes that Alex Deutsch is the founder of the Deutsch

Group, also known as the Deutsch Company, and was a shareholder of Deutsch Relays (CA) at the time

of the Agreement.

47.     The Trustee is informed and believes that Compagnie Deutsch, a French subsidiary of

the Deutsch Group, was a 100% shareholder of Deutsch Relays (DE), the purchaser of Deutsch Relays

(CA)'s assets under the Agreement.

48.     The Trustee is informed and believes that Jean Marie Painvin, President of Deutsch

Relays (CA) at the time of the Agreement, immediately became Chairman of Deutsch Relays (DE)

after execution of the Agreement. Mr. Jean Marie Painvin was relieved of his duties as the President of

Deutsch Relays (CA) and immediately assumed the role of the Chairman of the purchaser Compagnie

Deutsch, thus ensuring uninterrupted activities of Deutsch Relays (CA)'s business, now in the hands of

Deutsch Relays (DE).

49.     Jean Marie Painvin has served as both the Chairman and CEO of Compagnie Deutsch

SA, and has a long history as a corporate executive with both Deutsch Relays (CA) and Deutsch Relays

(DE).

50.     The Trustee is informed and believes that the same management who operated Deutsch

Relays (CA) operated Deutsch Relays (DE), and continued Deutsch Relays (CA)'s regular business

operations at the Site.

51.     The Trustee is informed and believes that Defendant DRI entered into the Agreement

with the intent to defraud legacy creditors, namely creditors Greenlawn Water District, Dix Hills Water

District, and Town of Huntington (the "Water District Creditors") and the New York State Department

of Environmental Conservation.

52.     The Trustee is informed and believes that Defendant DRI had a motive and opportunity to convey valuable assets to DRI and use the Agreement to saddle Deutsch Relays (CA), Debtor's predecessor with only the environmental liability and no assets to remediate the existing contamination.

53.     The Trustee is informed and believes that Debtor is and was a mere continuation of Deutsch Relays (CA) and Deutsch AL.

54.     The Trustee is informed and believes that as a mere continuation of Deutsch Relays (CA), the Debtor is liable for the torts of its predecessor.

55.     The Trustee is informed and believes that Defendant DRI is the successor in interest to Deutsch Relays (CA) pursuant to the doctrine of de-facto merger.

56.     The Trustee is informed and believes that Alex Deutsch was the founder of the Deutsch Group, a private company specializing in electronic connectors with numerous subsidiaries. One of these subsidiaries, Compagnie Deutsch SA, was a 100% owner of Deutsch Relays (DE) at the time of the Agreement.

57.     The Trustee is informed and believes that Alex Deutsch and the Deutsch Group remained direct shareholders of both Deutsch Relays (CA) and Deutsch Relays (DE) after execution of the Agreement in 1988.

58.     The Trustee is informed and believes that Jean Marie Painvin was relieved of his duties as President of Deutsch Relays (CA) and immediately assumed the role of Chairman of the purchaser Compagnie Deutsch, thus ensuring uninterrupted activities of Deutsch Relays (CA)'s business, now in the hands of Deutsch Relays (DE).

59.     The Trustee is informed and believes that through Alex Deutsch, the Deutsch Group, and Jean Marie Painvin's control and ownership over Deutsch Relays (DE) and Deutsch Relays (CA), Defendant DRI Relays continuously owned Deutsch Relays (CA) after the Agreement.

60.     The Trustee is informed and believes that Deutsch Relays (CA) discontinued ordinary business operations when it sold all relevant assets necessary to continue the business, including but not

limited to, equipment, inventory, accounts receivables, patents, trademarks, and customer lists to Deutsch Relays (DE).

61.    The Trustee is informed and believes that Defendant DRI assumed all liabilities necessary to continue Deutsch Relays (CA)'s ordinary business operations through the purchase of all relevant assets under the Agreement.

62.    The Trustee is informed and believes that Defendant DRI continued to operate the same business at the same location, using the same equipment, and selling and marketing its products to the same customers as Deutsch Relays (CA).

63.    The Trustee is informed and believes that Defendant DRI is the successor in interest to the Debtor and Deutsch Relays (CA) pursuant to the doctrine of mere continuation.

64.    The Trustee is informed and believes that the transfer of Deutsch Relays (CA)'s tangible and intangible assets pursuant to the Agreement allowed Defendant DRI to continue the operation of manufacturing relays, relay bases, and electronic devices established by Deutsch Relays (CA) after the Agreement.

65.    The Trustee is informed and believes that there existed a commonality of directors and shareholders between Deutsch Relays (CA) and Deutsch Relays (DE), including but not limited to Alex Deutsch, the Deutsch Group, and Jean Marie Painvin.

66.    The Trustee is informed and believes that Defendant DRI's principal executive offices are located at 65 Daly Road, East Northport, New York – the same location previously occupied by Deutsch Relays (CA).

67.    The Trustee is informed and believes that Deutsch Relays (DE), the Delaware corporate predecessor to Defendant DRI, kept the identically same name as Deutsch Relays (CA), a California Corporation, and did not change its name to DRI Relays for twenty years - until 2008.

68. The Trustee is informed and believes that Defendant DRI acquired for itself the intangible assets of Deutsch Relays (CA), such as good will, trademarks, patents, customer lists and the right to use the name "Deutsch Relays," and to incorporate under the name "Deutsch Relays."

**D.    THE TIMING OF THE 1988 SALE OF ASSETS AGREEMENT BETWEEN DEUTSCH RELAYS (CA) AND DEUTSCH RELAYS (DE) WAS FRADULENT**

69. On December 29, 1988, Deutsch Relays (CA) sold virtually all its revenue generating assets to Deutsch Relays (DE) pursuant to a Sale of Assets Agreement (the "Agreement").

70. Other parties to the Agreement included Alex Deutsch, founder of the Deutsch Group, and Compagnie Deutsch as the 100% owners of the purchaser Deutsch Relays (DE).

71. The purchasing entity and Defendant DRI's predecessor, Deutsch Relays (DE), was formed and incorporated in Delaware immediately after execution of the Agreement.

72. Deutsch Relays (CA) and Deutsch Relays (DE) were registered to do business in New York at the same address, 65 Daly Road, East Northport, New York (the "Site").

73. Pursuant to the Agreement, Deutsch Relays (DE) purchased virtually all of Deutsch Relays (CA)'s business generating assets, including but not limited to: equipment, inventory, accounts receivable, patents, trademarks, and other intellectual property rights.

74. The Agreement specifically excluded environmental liability associated with the discharge of contaminants at the Site, and Deutsch Relays (CA) retained this responsibility.

75. Upon information and belief, the Agreement was executed less than a year before Deutsch AL, Deutsch Relays (CA)'s predecessor, entered into an Order on Consent with DEC regarding the contamination at the Site.

76. Pursuant to the Order on Consent, Deutsch AL was required to provide DEC with notice of any major corporate change regarding ownership of the Site.

77. Upon information and belief, the Agreement was hastily entered into prior to the Order on Consent, so that the Deutsch entities could separate valuable assets from the environmental liability

at the Site and Deutsch AL was therefore under no obligation to notice DEC of this fundamental corporate change.

78.     Upon information and belief, as part of the Agreement, Jean Marie Painvin was relieved of his duties as President of Deutsch Relays (CA) and immediately assumed the role of Chairman of the purchaser Compagnie Deutsch.

79.     Deutsch Relays (DE) continued to carry out Deutsch Relays (CA)'s operations at the Site, using the same equipment, utilizing existing technologies and inventory, and selling the same products under the same trade name "Deutsch" to existing customers.

80.     Deutsch Relays (CA) continued to maintain responsibility for the Site, managing environmental remediation and coordinating with the DEC, even though the company was sacrificed to protect other profitable Deutsch subsidiaries.

81.     Defendant DRI successfully avoided any involvement with the DEC, the Order on Consent, or remediation at the Site, as the entity craftily shielded itself from facing cleanup obligations.

**E.    ENFORCEMENT ACTIONS AGAINST DEUTSCH RELAYS (CA) AND ITS SUCCESSORS BY THE NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION.**

82.     In December of 1986, the DEC classified the Site as a Class 2 inactive hazardous waste disposal site, Site Number 1-52-003, which "presents a significant threat to public health or environment."

83.     On October 5, 1989, Deutsch AL, Deutsch Relays (CA)'s successor, entered into an Order on Consent with the DEC through which Deutsch AL agreed to develop an inactive hazardous waste disposal and site remedial program and to implement the program within a reasonable period of time.

84.     AL Relays, Inc. is known to be and Debtor is believed to be Deutsch AL's successor.

85.    Upon information and belief, AL Relays, Inc. and Debtor are mere continuations of Deutsch AL.

86.    In March of 1992, Deutsch AL consented to a Modification to the 1989 Order on Consent.

87.    The Modification acknowledged that Deutsch AL posted with the DEC an irrevocable letter of credit in the sum of one million dollars ($1,000,000.00).

88.    The Modification required that after the DEC selected a final remedial program for the site, Deutsch AL would amend the letter of credit or post a substitute letter of credit or performance bond "which shall be in the sum of an amount equal to 100% of projected remedial cost" (the "Financial Assurances").

89.    The Modification continued that the amount of the Financial Assurances shall be adjusted annually in accordance with the cost of remaining remediation, and upon completion of remediation, the Financial Assurances shall be adjusted to equal the cost of annual monitoring and maintenance.

90.    In March of 1995, the DEC issued a Record of Decision ("ROD") detailing the selected remedial action for the Contamination.

91.    The ROD set a Remedial Action Objective "to pump and treat groundwater with total VOCs greater than 500 ppb until the contaminant concentrations in the groundwater are below the groundwater standard of 5 ppb, to the extent feasible."

92.    The ROD obligated Deutsch AL to continue monitoring the plume of Contaminants.

93.    The ROD specifically identified five public water supply facilities and one facility in the planning stages owned by Creditor Dix Hills and Creditor Greenlawn as particularly at risk of contamination from the Contaminants.

94.    According to the ROD, "if the evaluation of monitoring indicates that the treatment of contaminants from the [Site] is needed to comply with drinking water standards at [Creditor Greenlawn's] Wicks Road and Huntsman Lane and [Creditor Dix Hills'] Colby Drive public water supply well(s), the necessary air stripping system will be designed and constructed (upgraded at [Creditor Greenlawn's] Huntsman Lane facility) in a time frame sufficient to protect the well(s)."

95.    The ROD demanded that Deutsch AL provide Creditor Dix Hills and Creditor Greenlawn with "financial assurances" for the "full costs to design, construct, operate, and maintain wellhead treatment system(s)" if the Contaminants impact or are on course to impact their wellfields.

96.    The financial assurances must be released if the Contaminants are detected in groundwater above threshold levels.

97.    The ROD obligates Deutsch AL to evaluate the rate of travel of the Contaminants toward the public supply wells if 1 ppb or more of any individual Contaminant is detected in an outpost well sample.

98.    The DEC reserved the right to require subsequent remedial action of Deutsch AL to meet the Remedial Action Objective of the ROD.

## FIRST CAUSE OF ACTION

**AVOIDANCE OF FRAUDULENT TRANSFER AGAINST DEFENDANT DRI**

**(ACTUAL INTENT)**

**[11 U.S.C. § 544 and California Civil Code §§ 3439.04(a)(1) and 3439.07]**

99.    The Trustee realleges and incorporates herein all preceding paragraphs as if fully restated herein.

100.    The Trustee is informed and believes and thereon alleges that the Debtor made transfers of the Debtor's assets and property to Defendant DRI, and Debtor retained all environmental liabilities as it pertains to the Site.

101.    The Trustee further alleges that the transfers of the Debtor's assets and property were done with the actual intent to delay, hinder or defraud creditors, namely Creditors Greenlawn Water District, Dix Hills Water District, Town of Huntington, and New York State Department of Environmental Conservation, absolve the Debtor of all assets and retain all environmental liabilities, conceal and shield Defendant DRI's interest in these assets, and avoid Defendant DRI's exposure to the Debtor's environmental liabilities related to the Site.

102.    By reason of the foregoing, the Transfer Assets under the Agreement are avoidable pursuant to 11 U.S.C. § 544 and Civil Code § 3439.04(a)(1) and 3439.07.

## SECOND CAUSE OF ACTION

## AVOIDANCE OF FRAUDULENT TRANSFER AGAINST DEFENDANT DRI

## (CONSTRUCTIVE FRAUD)

## [11 U.S.C. § 544 and Civil Code §§ 3439.04(a)(2) or 3439.05 and 3439.07]

103.    The Trustee realleges and incorporates herein all preceding paragraphs as if fully restated herein.

104.    The Trustee is informed and believes and thereon alleges that through the Agreement, Debtor transferred all assets to Defendant DRI and Debtor retained all environmental liabilities with respect to the Site

105.    The asset transfers under the Agreement were made without the Debtor receiving a reasonably equivalent value in exchange for such transfer and: (i) at a time when the Debtor was insolvent or as a result of which the Debtor became insolvent; or (ii) at a time that the Debtor was engaged in a business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; or (iii) at a time when the Debtor intended to incur, or believed or should reasonably have believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

106.    By virtue of the foregoing, the Transfer Assets under the Agreement constituted fraudulent transfers pursuant to 11 U.S.C. § 544 and Civil Code §§ 3439.04(a)(2) or 3439.05 and 3439.07.

## THIRD CAUSE OF ACTION

1           **RECOVERY OF AVOIDED TRANSFERS AGAINST DEFENDANT DRI**

2                     **[11 U.S.C. § 550(a)(1) and (2)]**

3        107.    The Trustee realleges and incorporates herein all preceding paragraphs as if fully

4 restated herein.

5        108.    By reason of the foregoing, the Trustee is entitled to recover for the benefit of the

6 Estate the Transfer Assets under the Agreement, pursuant to 11 U.S.C. § 550(a).

7                       **FOURTH CAUSE OF ACTION**

8           **RECOVERY OF AVOIDED TRANSFERS AGAINST DEFENDANT DRI**

9           **[11 U.S.C. § 544 and California Civil Code § 3439.07]**

10       109.    The Trustee realleges and incorporates herein all preceding paragraphs as if fully

11 restated herein.

12       110.    By reason of the foregoing, the Trustee is entitled to recover for the benefit of the

13 estate, the Transfer Assets under the Agreement, pursuant to 11 U.S.C. § 544 and Civil Code §

14 3439.07.

15                       **FIFTH CAUSE OF ACTION**

16       **PRESERVATION OF AVOIDED TRANSFERS AGAINST DEFENDANT DRI**

17                       **[11 U.S.C. § 551]**

18       111.    The Trustee realleges and incorporates herein all preceding paragraphs as if fully

19 restated herein.

20       112.    By reason of the foregoing, the Transfer Assets under the Agreement are preserved

21 for the benefit of the Estate.

22                       **SIXTH CAUSE OF ACTION**

23    **DECLARATORY RELIEF REGARDING PROPERTY OF THE ESTATE AGAINST**

24                         **DEFENDANT**

25                       **[11 U.S.C. § 541]**

26       113.    The Trustee realleges and incorporates herein all preceding paragraphs as if fully

27 restated herein.

28

**COMPLAINT**

114.   By reason of the foregoing, the Trustee is entitled to a declaration by the Court that the Transfer Assets under the Agreement were and/or are property of the Estate pursuant to 11 U.S.C. § 541.

### SEVENTH CAUSE OF ACTION

### TURNOVER OF PROPERTY OF THE ESTATE AGAINST DEFENDANT DRI

### [11 U.S.C. § 542]

115.   The Trustee realleges and incorporates herein all preceding paragraphs as if fully restated herein.

116.   The Trustee is informed and believes that Defendant DRI is in the possession, custody, or control of the proceeds from the transfer of the assets under the Agreement, which proceeds would be property of the Estate.

117.   Pursuant to 11 U.S.C. § 542, Defendant DRI must deliver to the Trustee the proceeds received from the asset transfers from the Settlement Agreement.

118.   By reason of the foregoing, the Trustee is entitled to turnover and an accounting of the proceeds from the Transfer Assets under the Agreement from Defendant DRI.

### EIGHTH CAUSE OF ACTION

### FRAUDULENT CONVEYANCE

### [New York Debtor and Creditor Law ("NY DCL") §§ 270-281]

119.   The Trustee realleges and incorporates herein all preceding paragraphs as if fully restated herein.

120.   Deutsch Relays (CA) was a corporation duly organized under the laws of the State of New York, and owned 65 Daly Road, East Northport, Suffolk County, New York (the "Site").

121.   Deutsch Relays (CA) was a supplier of relays, relay bases and electronic devices for military and aerospace applications.

122.   Deutsch Relays (CA) transferred all of its assets to Deutsch Relays (DE), but retained all environmental liabilities associated with the Site, pursuant to the terms of the 1988 Sale of Assets Agreement.

123.    Deutsch Relays (DE) acquired both the tangible and intangible assets of Deutsch Relays (CA) in the 1988 Agreement, including all equipment, inventory, patents, tradename, and good will.

124.    Deutsch Relays (CA) was left with the environmental liability at the Site, with no viable assets to address the required remediation.

125.    Less than two months after the Agreement, Deutsch Relays (CA) changed its name to Deutsch AL.

126.    On October 5, 1989, Deutsch AL entered into an Order on Consent with DEC.

127.    Upon information and belief, Deutsch Relays (CA) and Deutsch Relays (DE) quickly entered into the Agreement to separate viable and profitable assets from the environmental liabilities at the Site, so as to divert DEC's and other creditors' attention away from the real culprit – Deutsch Relays (DE) and its corporate affiliates, the same owners who owned and continue to own Deutsch Relays (CA).

128.    Deutsch Relays (DE) was a corporation duly organized under the laws of the State of Delaware immediately after execution of the Agreement.

129.    Deutsch Relays (DE) was authorized to do business in the State of New York and conducted business at 65 Daly Road, East Northport, Suffolk County, New York (the "Site").

130.    Deutsch Relays (DE) changed its name to Defendant DRI Relays, Inc., on or about March 28, 2008.

131.    Defendant DRI Relays, Inc. conducted the same relay manufacturing and supplying services as Deutsch Relays (CA) at the Site.

132.    Upon information and belief, Alex Deutsch is the founder of the Deutsch Group, also known as the Deutsch Company, and was a shareholder of Deutsch Relays (CA) at the time of the Agreement.

133.    Upon information and belief, Compagnie Deutsch, a French subsidiary of the Deutsch Group, was a 100% shareholder of Deutsch Relays (DE), the purchaser of Deutsch Relays (CA)'s assets under the Agreement.

134.    Upon information and belief, Jean Marie Painvin, President of Deutsch Relays (CA) at the time of the Agreement, immediately became Chairman of Deutsch Relays (DE) after execution of the Agreement.

135.    The same management who operated Deutsch Relays (CA) operated Deutsch Relays (DE), and continued Deutsch Relays (CA)'s regular business operations at the Site.

136.    Defendant DRI Relays, Inc. entered into the Agreement with the intent to defraud legacy creditors, namely Plaintiffs.

137.    Defendant DRI Relays, Inc. had a motive and opportunity to convey valuable assets to DRI Relays, Inc., and use the Agreement to saddle Deutsch Relays (CA) with the environmental liability and no assets to remediate the existing contamination.

## **PRAYER**

WHEREFORE, the Trustee respectfully prays for judgment against the Defendant as follows:

1.    On the first cause of action, that the asset transfers under the Agreement be avoided for the benefit of the Estate.

2.    On the second cause of action, that the asset transfers under the Agreement be avoided for the benefit of the Estate.

3.    On the third cause of action, to recover the value of the asset transfers under the agreement from Defendant DRI, for the benefit of the Estate, plus interest as the maximum legal rate from the date of the asset transfers, or such other amount as shall be shown by proof prior to judgment herein.

4.    On the fourth cause of action, to recover the value of the asset transfers under the agreement from Defendant DRI, for the benefit of the Estate, plus interest as the maximum legal rate from the date of the asset transfers, or such other amount as shall be shown by proof prior to judgment herein.

5.    On the fifth cause of action, that the avoided asset transfers under the Agreement are preserved for the benefit of the Estate.

6.    On the sixth cause of action, a declaration by the Court that assets transfer under the Agreement are property of the Estate.

7.    On the seventh cause of action, that Defendant DRI is compelled to turnover and deliver to the Trustee the proceeds from the transfer of the assets under the Agreement.

8.    On the eighth cause of action, that the asset transfers under the Agreement be avoided for the benefit of the Estate.

9.    On all causes of action, that the Trustee be awarded costs incurred in connection with this action.

10.    For such other and further relief as this Court deems just and proper.


Dated: June 2, 2017

_/s/ Leslie A. Cohen_____
Leslie A. Cohen
Special Counsel Attorney to Chapter 7 Trustee

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Brad D. Krasnoff, Chapter 7 Trustee | DEFENDANTS<br>DRI Relays Inc., a Delaware corporation |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>LESLIE COHEN LAW PC<br>506 Santa Monica Blvd., Suite 200<br>Santa Monica, CA 90401<br>(310) 394-5900 | **ATTORNEYS** (If Known)<br>Conor B. O'Croinin / Andrew Goldfarb<br>ZUCKERMAN SPAEDER LLP  100 East Pratt Street,<br>Suite 2440 Baltimore, MD 21202-1031<br>410 332-0444 |

| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☒ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT TO:
(1) AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 544, §§550(a)(1) and (2); and California Civil Code §§ 3439, et seq.; (2)  FOR PRESERVATION OF AVOIDED TRANSFERS FOR THE BENEFIT OF THE ESTATE PURSUANT TO 11 U.S.C. § 551; (3) FOR DECLARATORY RELIEF REGARDING PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 541; AND (4) FOR TURNOVER OF PROPERTY THE ESTATE PURSUANT TO 11 U.S.C. § 542

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 70 01( 1) – Recovery of Money/Property**
☒ 11-Recovery of money/propert y - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 70 01 (2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001( 3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4 ) – Objection/ Revocation of Discharge**
☐ 41-Objection/re vocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 6 6 -Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 70 01(6) – Dischargeability (continued)**
☐ 61 -Dischargeability- §523(a)(5 ), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 6 5 -Dischargeability - other

**FRBP 70 01(7) – Injunctive Relief**
☐ 71 -Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 70 01(8) Subordination of Claim or Interest**
☐ 81 -Subordination of claim or interest

**FRBP 70 01(9) Declaratory Judgment**
☒ 91 -Declaratory judgment

**FRBP 70 01(10) Deter mi nation of Remove d Act ion**
☐ 01 -Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | ☐ Demand $ |

Other Relief Sought


American LegalNet, Inc.
www.FormsWorkFlow.com

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>AL Relays, LLC | BANKRUPTCY CASE NO.<br>2:15-bk-18869-BB | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT OF CALIFORNIA | DIVISION OFFICE<br>LOS ANGELES | NAME OF JUDGE<br>BLUEBOND |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/ Leslie Cohen | | |
| DATE<br>6/2/17 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Leslie Cohen<br>LESLIE COHEN LAW PC | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.


American LegalNet, Inc.
www.FormsWorkFlow.com

LESLIE A. COHEN (CA Bar No. 93698)
*leslie@lesliecohenlaw.com*
LESLIE COHEN LAW PC
506 Santa Monica Blvd. Suite 200
Santa Monica, California 90401
Telephone: (310) 394-5900
Facsimile: (310) 394-9280

PAUL J. NAPOLI (NY Bar No. 2513141)
*pnapoli@napolilaw.com*
NAPOLI SHKOLNIK PLLC
360 Lexington Avenue, 11th Floor
New York, NY 10017
Telephone: (212) 397-1000
Facsimile: (646) 843-7603

Special Counsel Attorneys for Brad D. Krasnoff, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| *In re*<br><br>AL Relays, LLC,<br><br>           Debtor | Chapter 7<br><br>Case No. 2:15-bk-18869-BB<br><br>Adversary No.: 2:17-ap-01272-WB |
| Brad D. Krasnoff, Chapter 7 Trustee,<br><br>           Plaintiff.<br><br>           v.<br><br>DRI Relays Inc., a Delaware corporation,<br><br>           Defendant. | **NOTICE OF REQUIREMENT OF COMPLIANCE WITH FEDERAL RULE OF BANKRUPTCY PROCEDURE 7026 AND LOCAL RULE OF BANKRUPTCY PROCEDURE 7026-1**<br><br>[LBR 7026-1(a)(1)] |

**TO ALL DEFENDANTS IN THIS ADVERSARY PROCEEDING:**

1    PLEASE TAKE NOTICE that compliance with Federal Rule of Bankruptcy Procedure 7026

2   and Local Bankruptcy Rule 7026-1 of the United States Bankruptcy Court for the Central District

3   of California is required in this adversary proceeding filed against you. These Rules are available

4   at the website of the Bankruptcy Court for the Central District of California, at:

5   http://www.cacb.uscourts.gov/.

6   Dated: June 2, 2017                              LESLIE COHEN LAW, PC

7                                                    By: /s/ Leslie A. Cohen
                                                     Leslie A. Cohen
8                                                    Special Counsel to Chapter 7 Trustee

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
506 Santa Monica Blvd., Suite 200, Santa Monica, CA 90401

A true and correct copy of the foregoing document entitled (*specify*): **(EXECUTED) SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]; PLAINTIFF'S COMPLAINT; ADVERSARY PROCEEDING COVER SHEET; NOTICE OF REQUIREMENT OF COMPLIANCE WITH FRBP 7026 AND LBR 7026(1)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
____6/2/17___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated /below:
    Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;Brian@lesliecohenlaw.com
    Brad D Krasnoff (TR)    BDKTrustee@dgdk.com, bkrasnoff@ecf.epiqsystems.com
    United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)    ___6/2/17___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Hon. Sheri Bluebond
U.S. Bankruptcy Court
255 E. Temple Street
Los Angeles, CA 90012

Office of United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

DRI Relays Inc.
Attn: Tom Sadusky, President
55 Engineers Road
Hauppauge, New York 11788

DRI Relays Inc.
Attn: Agent for Service of Process
C/O THE PRENTICE-HALL CORPORATION SYSTEM, INC.
80 STATE STREET
ALBANY, NEW YORK, 12207

DRI Relays Inc.
c/o Conor B. O'Croinin
Zuckerman Spaeder, LLP
100 East Pratt Street
Ste 240
Baltimore, MD 21202-1031

Conor B. O'Croinin
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202-1031

DRI Relays Inc.
c/o Kyra E. Andrassy
Robert S. Marticello
SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626

DRI Relays Inc.
c/o Farrell Fritz, P.C.
Attn: Kevin P. Mulry
1320 RXR Plaza
Unlondale, NY 11556

Emily Hill, Controller
DRI Relays Inc.
60 Commerce Drive
Hauppauge, NY 11788

Andrew N. Goldfarb
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 6/2/17 | Brian Link | /s/ Brian Link |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**